**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

| | |
|---|---|
| DELONTE COLEMAN,<br><br>    Plaintiff,<br>v.<br><br>DISCOVER BANK,<br><br>    Defendant. | Case No.: 1:20cv45-DMB-DAS<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br> 1. TCPA, 47 U.S.C. §227<br> 2. Invasion of Privacy - Intrusion Upon Seclusion |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

  Plaintiff Delonte Coleman ("Delonte"), by and through his attorneys, alleges the following against Discover Bank ("Discover"):

**INTRODUCTION**

  1. Count I of Delonte's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

  2. Count II of Delonte's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from §652B of the Restatement (Second) of Torts. §652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Jurisdiction of the Court arises under 28 U.S.C. §§ 1331, 1332, 1367 and 47 U.S.C. § 227.

4. Diversity jurisdiction is established under 28 U.S.C. §1332 as the matter in controversy exceeds $75,000.00, Delonte is a citizen of Mississippi, and Discover is a citizen of Delaware.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

6. Defendant transacts business here; therefore, personal jurisdiction is established.

## PARTIES

7. Delonte is a natural person residing in Lowndes County, Mississippi.

8. Discover is a creditor with its principal place of business located at 502 E. Market Street, Greenwood, Delaware 19950.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Discover is attempting to collect a debt associated with a credit card it issued to Delonte.

11. In or around April 2019, Discover began calling Delonte.

12. On or around April 10, 2019, at approximately 8:14 am, Delonte answered a call from Discover and spoke with a representative.

13. After picking up the call, Delonte noticed an unusually long delay before Discover's representative began speaking, consistent with the use of an automatic dialing system.

14. Discover informed Delonte that it was attempting to collect a debt incurred by Delonte.

15. During that call, Delonte explained that since 2006 he has been on disability and was barely making ends meet, and then recently his hours were cut down to half of what they were. Because of that he did not have money to pay Discover. Then, Delonte asked that he not be called anymore and instead that Discover communicate with him by mail and he hanged up.

16. Despite his request that Discover not call him, Discover began a harassment campaign by repeatedly placing calls to Delonte's cellular phone number ending on (\*\*\*) \*\*\*-5088.

17. The calls primarily originated from the following numbers: 480-550-3230, 801-619-2555, and 385-261-7114.

18. Upon information and belief, these numbers are owned or operated by Discover.

19. Between June 4, 2019, and June 26, 2019, Discover called Delonte no less than **SIXTY (60) times.**

20. On July 24, 2019, in response to varying district court opinions the US House of Representatives passed H.R. 3375 by a vote of 429-3. The House intended to clear up any ambiguity with the TCPA and made it clear that the TCPA covers systems that call consumers from a stored list.

21. H.R. 3375 further clarified that a consumer may revoke consent, even consent given in a contract.

22. Discover is familiar with the TCPA.

23. Discover called Delonte over **sixty times in a 23-day period**.

24. Discover called Delonte **multiple times a day**. For example, on June 25, Discover

called Delonte six (6) times.

25. Discover called Delonte on the weekends. For example, Discover called Delonte six times on Saturday, June 15.

26. Discover called Delonte at all times during the day, from early in the morning to late at night.

27. Discover called Delonte from several different numbers that he could not recognize, making it appear to Delonte that several debt collectors were targeting him, and making it hard for Delonte to screen the calls he was receiving.

28. Upon information and belief, Discover called Delonte's wife and his job. Discover called them with the intention that they communicate to Delonte that Discover was attempting to collect a debt, thereby unlawfully causing Delonte embarrassment and anguish.

29. The frequency and methodology of Discover's calls could reasonably be expected to harass Delonte.

30. Discover's intrusion upon Delonte's seclusion was highly offensive to the reasonable person.

31. Discover's intrusion upon Delonte's seclusion was oppressive and outrageous, and exceeded reasonable collection efforts.

32. As a result of Discover's conduct, Delonte has sustained actual damages including but not limited to, embarrassment, emotional and mental pain and anguish.

33. Each and every one of Discover's telephone calls caused Delonte distraction and temporary loss of use of his telephone line.

34. Each and every one of Discover's telephone calls caused Delonte anxiety, annoyance and embarrassment, as well as alerted other people that he was getting constant phone

calls that caused his noticeable anxiety, annoyance and embarrassment.

35. Delonte is a bus driver and works a very early morning shift and an evening/night shift. In between his shifts he has to sleep as his night-time sleep is too little. Many of Discover's telephone calls disrupted Delonte's sleep between his morning and night shifts. Discover's disruption of Delonte's sleep affected his capacity to concentrate and staying alert while working.

36. Delonte has been struggling to pay his bills and Discover's incessant phone calls only exacerbated an already stressful situation.

## COUNT I
## Violations of the TCPA, 47 U.S.C. §227

37. Delonte incorporates the foregoing paragraphs as though the same were set forth at length herein.

38. Discover violated the TCPA. Discover's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Discover violated TCPA 47 U.S.C. §227 (b)(1)(A)(iii) which states in pertinent part, "[i]t shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b. Within four years prior to the filing of this action, on multiple occasions Discover willfully and/or knowingly contacted Delonte at Delonte's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and, as such, Discover knowingly and/or willfully violated the TCPA.

39. As a result of Discover's violations of 47 U.S.C. § 227, Delonte is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B). If the Court finds that Discover knowingly and/or willfully violated the TCPA, Delonte is entitled to an award of one thousand five hundred dollars

($1,500.00), for each and every violation pursuant to 47 U.S.C. §§227(b)(3)(B), (C).

## COUNT II
### Discover's Invasion of Delonte's Privacy

40. Delonte incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

41. Restatement of the Law, Second, Torts, §652B defines intrusion upon seclusion as "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

42. Discover violated Delonte's privacy. Discover's violations include, but are not limited to, the following:

   a. Discover intentionally intruded, physically or otherwise, upon Delonte's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite having unequivocally revoked consent to be called.

   b. The number and frequency of the telephone calls to Delonte by Discover constitute an intrusion on Delonte's privacy and solitude.

   c. Discover's conduct would be highly offensive to a reasonable person as Delonte received calls that caused distraction and temporary loss of use of his telephone line, anxiety, annoyance and embarrassment.

   d. Discover's acts, as described above, were done intentionally with the purpose of abusing and harassing Delonte to pay the alleged debt, or to pay more than Delonte would otherwise.

   e. Discover's conduct constitutes abuse and harassment, and exceeded reasonable collection efforts.

43. As a result of Discover's violations of Delonte's privacy, Discover is liable to Delonte for actual damages. If the Court finds that the conduct is found to be egregious, Delonte may recover punitive damages.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Delonte hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Delonte Coleman respectfully requests judgment be entered against Discover for the following:

A. Declaratory judgment that Discover violated the TCPA;

B. Statutory damages pursuant to 47 U.S.C. §§227(b)(3)(B), (C);

C. Actual and punitive damages for intrusion upon Delonte's seclusion;

D. Awarding Delonte any pre-judgment and post-judgment interest as may be allowed under the law; and

E. Any other relief that this Court deems appropriate.

Respectfully submitted, this 16th day of March 2020.

PLAINTIFF DELONTE COLEMAN,

By: */s/ Brian K. Herrington*
    Brian K. Herrington, MB# 10204
    SCHLANGER LAW GROUP LLP
    200 N. Congress Street, Suite 117
    T: 601-345-2185
    F: 646-612-7996
    E: bherrington@consumerprotection.net

*Attorneys for Plaintiff Delonte Coleman*